UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID OLABAYO OLANIYI,

                       Plaintiff,

-against-

THE UNITED STATES OF AMERICA

                       Defendant.

Civil Action No. 06-

## MOTION TO CONSOLIDATE OLANIYI V. DISTRICT OF COLUMBIA, ET AL. WITH OLANIYI V. THE UNITED STATES OF AMERICA

      COMES NOW the Plaintiff, David Olabayo Olaniyi ("Plaintiff"), by and through his undersigned attorneys, and moves this Court to consolidate the instant action with another currently pending matter in this Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 40.5.

      Plaintiff seeks to consolidate the instant action with the action currently pending before Judge Walton of this Court in Olaniyi v. District of Columbia, et al., Civil Action #1:05-cv-0455-RBW because both actions arise from the same transaction or occurrence and include common questions of law and fact.

A memorandum of points and authorities and a draft order are attached.

Dated: December 20, 2006

Respectfully submitted,

_____
David F. Williams (Bar No. 298380)
Jennafer B. Neufeld (Bar No. 489233)
Keith R. Wesolowski  (Bar No. 494415)
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W., Suite 1100
Washington, D.C. 20004
(202) 862-2200

*Counsel for Plaintiff David Olabayo Olaniyi*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID OLABAYO OLANIYI,<br><br>         Plaintiff,<br><br>     -against-<br><br>THE UNITED STATES OF AMERICA,<br><br>         Defendant. | Civil Action No. 06 |

**POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CONSOLIDATION**

COMES NOW the Plaintiff, David Olabayo Olaniyi, ("Plaintiff") and for his points and authorities in support of his motion for consolidation, states as follows:

**STATEMENT OF FACTS**

The Plaintiff filed his Complaint against the United States of America contemporaneously with the filing of this motion for consolidation of the action with another action, Olaniyi v. District of Columbia et al., Civil No. 1:05-cv-00455-RBW, currently pending before Judge Walton of this Court.

Plaintiff filed his First Amended Complaint in the 05-455 case on June 14, 2005 pursuant to the Supreme Court's opinion in Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395, 91 S.Ct. 1999, 2004 (1971), alleging violations of the Plaintiff's First, Fourth and Fifth Amendment rights under the United States Constitution by independent law enforcement officers affiliated with the United States Capitol Police, the United States Federal Bureau of Investigation, and the United States Secret Service concerning their

interaction with Plaintiff beginning in March 2003 during a visit by the Plaintiff to the U.S. Capitol Building.

Plaintiff filed administrative claims with the United States Capitol Police and the United States Secret Service in February 2005 under the Federal Tort Claims Act, 28 U.S.C. §1346(b), §1402(b), §2401(b), and §§2671-2680, alleging common law torts of false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress by employees of the respective agencies beginning.  Plaintiff also seeks recovery for conversion of Plaintiff's property, loss of earnings, and damage to reputation.

The Plaintiff has not received any response from these agencies.  Accordingly, the Plaintiff has filed the instant suit pursuant to 28 U.S.C. §2675(a), which permits a claimant to file suit on a claim six months after presentment of the claim to the agency.

While waiting on a response from the agencies, the Plaintiff litigated the Bivens action against two known defendants and multiple "John Doe" defendants.  Judge Walton dismissed certain claims of the Plaintiff, but declined to dismiss the Plaintiff's claim of a Fourth Amendment violation by the individual officers who searched his van without a search warrant, probable cause, or exigent circumstances.  The parties have begun discovery in that matter and have in fact served both the Secret Service and the United States Capitol Police with third party subpoenas relating to the afternoon of March 6, 2003 and any of the events occurring thereafter as a result of those events.  On October 31, 2006, Plaintiff filed a Seconded Amended Compliant naming additional officer Defendants in the Bivens action.

The Plaintiff filed this motion to consolidate the action against the United States of America with his Bivens action against the individual officers in the interests of judicial efficiency as both actions concern common questions of law and fact and arise from the same transaction or occurence.

# ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order...all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. Proc. 42(a).

Local Rule 40.5 provides that two civil cases are related "when the earliest is still pending on the merits in the District Court and they...(ii) involve common issues of fact, or (iii) grow out of the same event or transaction." LCvR 40.5(a)(2). The Local Rule also provides that "[a]t the time of filing any civil...action, the plaintiff or his attorney shall indicate...the name, docket number and relationship of any related case pending in this court." LCvR 405(b)(2). The Rule does not specify whether related cases are automatically consolidated based upon their related nature.

Plaintiff, therefore, files this Motion for Consolidation pursuant to Rule 42(a) and Local Rule 40.5 requesting that the two cases be consolidated.

The events giving rise to both actions concern interactions by law enforcement officers employed by the United States of America with the Plaintiff beginning with a visit to the Capitol Building by the Plaintiff in March 2003.

The events giving rise to both actions thus present common questions of law and fact. The events underlying each action are identical and the claims involve the same actors on behalf of the United States Government. Furthermore, not consolidating the two cases would in fact allow for the possibility of two different judicial interpretations of discovery matters or even two different, inconsistent results for Plaintiff's claims. This injustice would be easily remedied by the consolidation of both cases in Judge Walton's Court.

A district court has found that consolidating cases presenting "common questions of law and fact" serve "the interests of judicial efficiency and consistency of opinions." Morisson v. Nat'l Benefit Life Ins. Co., 889 F. Supp. 945, 951 (S.D. Miss. 1995); see also Maestri v. Westlake Excavating Co., 894 F.Supp. 573, 579 (N.D.N.Y. 1995) (ordering consolidated two cases where there are common issues of law and fact).

## CONCLUSION

Because the instant action and the Plaintiff's action against the individual officers concern common issues of law in fact, the Plaintiff prays this court order the two actions consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 40.5 of the Local Rules.

Dated: December 20, 2006

Respectfully submitted,

_____
David F. Williams (Bar No. 298380)
Jennafer B. Neufeld (Bar No. 489233)
Keith R. Wesolowski (Bar No. 494415)
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W., Suite 1100
Washington, D.C. 20004
(202) 862-2200

*Counsel for Plaintiff David Olabayo Olaniyi*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID OLABAYO OLANIYI,

            Plaintiff,

v.                                        Civil Action No. 06-

THE UNITED STATES OF AMERICA,

            Defendant.

### ORDER

Upon consideration of the Plaintiff's motion to consolidate this action with an action previously filed in this Court, Olaniyi v. District of Columbia, et al., Civil Action #1:05-cv-0455-RBW, and any responsive pleadings by the United States of America, it is

ORDERED, that Olaniyi v. The United States of America be consolidated with the previously filed case, Olaniyi v. District of Columbia, et al., Civil Action #1:05-cv-0455-RBW, as both actions concern common questions of law and fact; and it is

FURTHER ORDERED, that this consolidated action be assigned to Judge Reggie B. Walton, the first United States District Judge to be assigned, pursuant to Local Rule 40.5(b).

_____
UNITED STATES DISTRICT JUDGE

<u>Copies of this order to:</u>

| | |
|---|---|
| Counsel for the Federal Defendants | Beverly M. Russell<br>Assistant United States Attorney<br>United States Attorney's Office<br>  for the District of Columbia<br>555 Fourth Street, N.W., Rm E-4915<br>Washington, D.C.  20530 |
| Counsel for the District of Columbia | Melvin W. Bolden, Jr.<br>Senior Assistant Attorney General<br>  for the District of Columbia<br>Office of the Attorney General<br>441 Fourth St., N.W., Sixth Floor South<br>Washington, D.C.  20001 |
| Counsel for the United States of America | Honorable Alberto Gonzales<br>United States Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |
| Counsel for the Secret Service | Chief Counsel's Office<br>United States Secret Service<br>950 H Street N.W., Suite 8300<br>Washington, D.C. 20223 |
| Counsel for the U.S. Capitol Police | General Counsel's Office<br>United States Capitol Police<br>499 South Capitol Street<br>Washington, D.C. 20003 |
| Counsel for Plaintiff | David F. Williams<br>Jennafer B. Neufeld<br>Keith R. Wesolowski<br>Cadwalader, Wickersham & Taft LLP<br>1201 F Street, N.W.<br>Washington, D.C. 20004 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Consolidate the Instant Action with Another Pending Action, memorandum of points and authorities and proposed Order were filed with the Clerk of the Court and served upon:

Honorable Alberto Gonzales  
United States Attorney General  
U.S. Department of Justice  
950 Pennsylvania Avenue, NW  
Washington, DC 20530-0001

Chief Counsel's Office  
United States Secret Service  
950 H Street N.W., Suite 8300  
Washington, D.C. 20223

General Counsel's Office  
United States Capitol Police  
499 South Capitol Street  
Washington, D.C. 20003

Beverly M. Russell  
Assistant United States Attorney  
United States Attorney's Office  
   for the District of Columbia  
555 Fourth Street, N.W., Rm E-4915  
Washington, D.C. 20530

Melvin W. Bolden, Jr.  
Senior Assistant Attorney General  
   for the District of Columbia  
Office of the Attorney General  
441 Fourth St., N.W., Sixth Floor South  
Washington, D.C. 20001

 

_____  
Jennafer B. Neufeld