UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID OLABAYO OLANIYI,       )<br>                                                          )<br>           Plaintiff                           )<br>                                                          )<br>     v.                                                )<br>                                                          )<br>UNITED STATES OF AMERICA,  )<br>                                                          )<br>           Defendant.                       )<br>_____)  | Civil Action No. 06-02165(RBW) |

**DEFENDANT'S ANSWER**

Defendant United States of America answers Plaintiff's Complaint as follows:

FIRST DEFENSE

Certain claims are jurisdictionally barred.

SECOND DEFENSE

Certain claims are barred as untimely because Plaintiff failed to file the claims within the applicable limitations period.

THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

FOURTH DEFENSE

The United States responds to the paragraphs of the Complaint as follows:

Introductory Paragraph - This paragraph sets forth Plaintiff's characterizations of his cause of action to which no answer is required.

1.      This paragraph sets forth Plaintiff's allegation regarding jurisdiction to which no answer is required. To the extent that the paragraph is deemed to contain an allegation of fact, it is denied.

2. This paragraph sets forth Plaintiff's allegation regarding venue to which no answer is required; to the extent that the paragraph is deemed to contain allegations of fact, they are denied.

3. This paragraph sets forth Plaintiff's allegation regarding jurisdiction to which no answer is required. To the extent that the paragraph is deemed to contain an allegation of fact, it is denied.

4. This paragraph identifies the Plaintiff as a party to which no answer is required. The United States is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph related to Plaintiff's residency.

5. The United States is without knowledge and information sufficient to determine what Plaintiff means by "at all times relevant" or "provided security" and "related Buildings." The United States admits, however, that the U.S. Capitol Police ("USCP") is a federal law enforcement entity in the legislative branch.

6. The United States admits that the United States Secret Service is an agency of the United States Department of Homeland Security, and further admits that part of the agency's responsibilities is protection of the President of the United States.

7. The United States denies the allegation in the first sentence. The United States is without knowledge and information sufficient to determine what Plaintiff means by "sought compensation" in the second sentence and denies that Plaintiff's arrest and detention were unlawful. The United States avers that Plaintiff's Federal Tort Claims Act claim was untimely filed with the USCP.

8. The United States admits the allegation contained in the first sentence that the USCP has not responded to Plaintiff's untimely FTCA claim. The second sentence contains a legal conclusion to which no answer is required; to the extent an answer is deemed required, the United Stated denies.

9. Admit except to deny that Plaintiff's arrest and detention were unlawful.

10. The United States admits the allegation contained in the first sentence. The second sentence of this Paragraph contains a legal conclusion to which no answer is required; to the extent an answer is deemed required, the United Stated denies.

11. This paragraph contains Plaintiff's opinions, not allegations of fact, to which no answer is required. Further, the United States is without knowledge and information sufficient to form a belief as to the "context" for Plaintiff and his wife's visit to the U.S. Capitol Building.

12. The United States is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in this paragraph and therefore denies them.

13. The United States is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in this paragraph and therefore denies them.

14. The United States admits that Plaintiff was in the U.S. Capitol on March 6, 2003, but is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in this paragraph and therefore denies them.

15. The United States is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in this paragraph and therefore denies them.

16. The United States is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in this paragraph. The United States avers, however, that Plaintiff carried several items into the Capitol Building.

17. Deny.

18. The United States is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in this paragraph and therefore denies them.

19. As to the first sentence, the United States admits that Officer Preston Nutwell approached Plaintiff but denies that Officer Nutwell asked Plaintiff what he was holding. As to the second sentence, the United States is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that Plaintiff was carrying a "hand-carved mask sculpture." The United States admits the allegation contained in the third sentence.

20. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegation that Plaintiff explained that if he dropped the sculpture, it would break. The United States denies the allegation contained in the second sentence.

21. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in this paragraph, and therefore denies them.

22. The allegation contained in the first sentence of this Paragraph constitutes Plaintiff's characterization of an affidavit, which document speaks for itself and is the best evidence of its contents. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in the second sentence of this paragraph.

23. As to the first sentence, the United States denies that Officer Nutwell told Plaintiff to put his hands behind his head but admits that Officer Nutwell handcuffed Plaintiff. As to the second sentence, the United States lacks knowledge and information sufficient to determine what Plaintiff means by "within minutes" and "several more police officers" but avers that other officers provided assistance. The United States denies the allegation contained in the third sentence.

24. As to the first sentence, the United States denies that "[a]pproximately thirty to forty more officers" arrived at the scene. As to the second sentence, the United States admits that Detective Joseph DePalma was present during Plaintiff's arrest. The United States also admits the allegation in the third sentence but avers that it is without knowledge and information sufficient to form a belief on whether Plaintiff explained he was wearing an "artistic costume."

25. The United States admits the allegations in the first and second sentences, except that the United States denies that the apparatus removed from the Plaintiff was a "costume." . The allegation contained in the third sentence of this Paragraph constitutes Plaintiff's characterization of an affidavit, which document speaks for itself and is the best evidence of its contents. The United States admits the allegations in the fourth sentence, except avers that it is

without knowledge and information sufficient to form a belief on what Plaintiff means by "challenge" and thus denies any allegation related to such.

26. The United States denies the allegations in the first sentence. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in the second sentence of this paragraph, i.e., whether it was dark outside when Plaintiff was transported to prisoner processing. The United States denies the remaining allegations in the second sentence. The United States is without knowledge and information sufficient to form a belief as to what is meant by "numerous" in the third sentence. The United States admits that Plaintiff was questioned but is without knowledge and information sufficient to form a belief as to Plaintiff's allegation that he was questioned for two or three hours. The United States admits the allegation in the third sentence that Plaintiff was transported by the USCP after he was questioned. Defendant denies the allegations in the fourth sentence.

27. The United States denies the allegation contained in the first sentence and instead avers that the Federal Bureau of Investigation took custody of items removed from Plaintiff and Ms. Patel, as well as certain personal items. The United States admits the allegations contained in sentences 2, 3 and 4 as to the USCP. The United States admits the allegations contained in the fifth sentence as to the USCP, except denies that "numerous pieces of original artwork were destroyed." The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in the sixth sentence regarding whether the van was registered "in the business name of Bayo Arts and Design" and whether Plaintiff conducts business under that company name. The United States admits that the van was registered in the name of Reena Patel.

28. Admit.

29. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph.

30. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph.

31. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegation in the first sentence that Plaintiff remained in the Mental Health Unit of the D.C. Jail until his return to the United States District Court for the District of Columbia on March 10, 2003. Additionally, the United States avers that the charging documents speak for themselves and are the best evidence of their content. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this Paragraph.

32. The United States admits the allegations contained in the first sentence. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in the second sentence of this paragraph. As to the remaining allegations, the United States avers that the Court orders are the best evidence of their content and any Court transcripts are the best evidence as to events related to the Court proceedings; otherwise, the United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations presented.

33. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph except the United States admits that the counts against Plaintiff were dropped and avers that the Court orders are the best

evidence of their content and any Court transcripts are the best evidence as to events related to the Court proceedings.

34. The United States admits the allegation contained in the first sentence that, in January 2004, Plaintiff retrieved his belongings and also admits the allegation in the second sentence. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph.

35. Deny.

36. The United States denies the allegations contained in the first sentence of this paragraph except to admit that Detective DePalma had been in contact with the Plaintiff's ex-wife. As to the second sentence, the United States denies that Detective DePalma "directed several inappropriate comments and questions to" Plaintiff but admits that Detective DePalma asked Plaintiff why he and Ms. Patel were back in the District of Columbia; denies that Detective DePalma asked Plaintiff and Ms. Patel why they had the children with them; denies that Detective DePalma asked Plaintiff whether he had custody of the children; admits that Detective DePalma asked Plaintiff whether he had authority to remove [the children] from Michigan; and denies that Detective DePalma asked Plaintiff whether he had papers on his person authorizing transportation of the children. Defendant denies the allegations in the third sentence.

37. Deny.

38. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph.

39. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph except to admit that, on January 31, 2004, Special Agent Charles Hull interviewed Plaintiff at his residence.

40. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph except the United States admits that Special Agent Charles Hull (not Deputy Mike Scheetz) interviewed Plaintiff at his residence; denies the allegation that the Agents accused Plaintiff of making the following statement "we understand you want to kill the President[;]" admits that Special Agent Hull informed Plaintiff that his ex-wife had stated that Plaintiff had told their six year old son that the President is going to die, someone is going to kill him; denies that Special Agent Hull threatened to take away Plaintiff's immigration papers; denies asking invasive questions to include questioning Plaintiff's son on whether Plaintiff ever said he was going to kill the President; denies that Special Agent Hull and Deputy Schleetz stated that they did not want Plaintiff to return to Washington, DC.; and denies that the Agents were at Plaintiff's residence for over two hours.

41. The United States denies the allegation contained in this paragraph to the extent that Plaintiff is alleging that any injuries he sustained were the result of unlawful conduct on the part of the United States.

42. The United States denies the allegation contained in the first sentence of this paragraph to the extent that Plaintiff is alleging that any injuries he sustained were the result of unlawful conduct on the part of the United States. The United States is without knowledge and

information sufficient to form a belief as to the truth or accuracy of the allegations in the second sentence except the United States denies that the USCP and FBI destroyed Plaintiff's artwork.

43. The United States incorporates by reference its answers to paragraphs 1 through 42.

44. This paragraph contains Plaintiff's statement of the law to which no answer is required; to the extent the paragraph is deemed to contain allegations of fact, the United States denies.

45. Deny.

46. The United States incorporates by reference its answers to paragraphs 1 through 42.

47. This paragraph contains Plaintiff's statement of the law to which no answer is required; to the extent the paragraph is deemed to contain allegations of fact, the United States denies.

48. The first sentence of this paragraph contains a conclusion of law to which no answer is required; to the extent the sentence is deemed to contain an allegation of fact, the United States denies. The United States denies the remaining allegations contained in this paragraph.

49. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph related to Plaintiff's "belief."

50. The United States incorporates by reference its answers to paragraphs 1 through 42.

51. This paragraph contains Plaintiff's statement of the law and characterization of his claim to which no answer is required; to the extent the paragraph is deemed to contain allegations of fact, the United States denies.

52. The first sentence of this paragraph contains Plaintiff's interpretation of law to which no answer is required; to the extent the sentence is deemed to contain allegations of fact, the United States denies. Defendant denies the remaining allegations in this paragraph.

53. The United States denies the allegations in this paragraph except to admit that charges were dropped against Plaintiff.

54. Deny.

55. The United States incorporates by reference its answers to paragraphs 1 through 42.

56. This paragraph contains Plaintiff's statement or interpretation of the law to which no answer is required; to the extent the paragraph is deemed to contain allegations of fact, the United States denies.

57. The United States denies the allegation contained in this paragraph to the extent that Plaintiff is alleging that any injuries he sustained were the result of unlawful conduct on the part of the United States.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. The United States incorporates by reference its answers to paragraphs 1 through 42.

63. This paragraph contains Plaintiff's statement of the law and characterization of his claim to which no answer is required; to the extent the paragraph is deemed to contain allegations of fact, the United States denies.

64. The first sentence of this paragraph contains Plaintiff's statement or characterization of the law to which no answer is required; to the extent the paragraph is deemed to contain allegations of fact, the United States denies. The United States denies the allegations contained in the second sentence of this paragraph.

65 - 66. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph.

67. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph except it denies the allegations in this paragraph to the extent alleging any unlawful conduct on its part.

68. The United States incorporates by reference its answers to paragraphs 1 through 42.

69. This paragraph describes Plaintiff's request for damages which requires no answer; to the extent the paragraph is deemed to contain allegations of fact, the United States avers that Plaintiff is not entitled to the requested relief.

70. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph.

71. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegation contained in the first, third, and forth sentences of this paragraph. The second sentence of this paragraph contains Plaintiff's statement or characterization of the law to which no answer is required; to the extent the paragraph is deemed to contain allegations of fact, the United States denies.

72. The United States is without knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph.

The remainder of this paragraph consists of Plaintiff's prayer for relief which requires no answer, but to the extent an answer is deemed required, the United States denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

Defendant denies each and every allegation in the Complaint that it has not expressly admitted or to which it has not responded that it has insufficient information to admit or deny the allegations.

Respectfully Submitted,

/s/ Jeffrey A. Taylor /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /mj
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of <u>Defendant's Answer</u> was made by the Court's Electronic Case Filing System this <u>30th</u> day of March, 2007 to:

    David Finley Williams
    Keith Wesolowski
    Jennafer P. Neufeld
    Cadwalader, Wickersham & Taft LLP
    1201 F Street, N.W.
    Washington, DC 20004

    Melvin W. Bolden, Jr.
    Office of the Attorney General for the
     District of Columbia
    441 4th Street, N.W.
    Washington, D.C. 20001

                                                /s/ Beverly M. Russell
                                                _____
                                                BEVERLY M. RUSSELL
                                                Assistant United States Attorney