UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID O. OLANIYI,            )
                             )
        Plaintiff,           )
                             ) Civil No. 05-455(RBW)
                             )
                             )
DISTRICT OF COLUMBIA, et al. )
                             )
        Defendants.          )

THE DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF DAVID
OLANIYI'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO DISMISS OR ALTERNATIV, FOR SUMMARY JUDGMENT

PRELIMINARY STATEMENT

The District of Columbia, by and through counsel, hereby replies to Plaintiff David Olabayo's Opposition to Defendant District of Columbia's Motion to Dismiss or Alternatively, for Summary Judgment.

The District moved to dismiss the amended complaint herein or alternatively for summary judgment on the grounds that: the District cannot be held liable for the torts or actions of employees of independent contractors; that there can be no respondeat superior liability against the District of Columbia under the doctrine of Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).: the complaint fails to state a claim for municipal liability under 42 USC Section 1983 and the doctrine of Monell; the common law claims against the District of Columbia were time barred by the applicable statutes of limitations; and plaintiff may not recover punitive damages against the District of

Columbia . Said motion is hereby incorporated by reference as if fully set for the herein.

Plaintiff voluntarily dismissed his common law claims of assault, battery and intentional infliction of emotional distressed claims. Plaintiff's Opposition, therefore, is limited to plaintiff's contention that the District is liable to him pursuant to 42 USC Section 1983.[1] Regarding Section 1983, plaintiff principally argues that the District is liable because it violated plaintiff's constitutional rights by maintaining a custom of inadequately training and supervising employees of an independent contractor who worked in the D.C. Jail. Obviously, no such policy exists and plaintiff cannot possibly prove the existence of such a policy.

### ARGUMENT

Plaintiff's Section 1983 Claim Must be Dismissed Because
Plaintiff Cannot Prove That his Injuries Were Cause By A
Custom, Practice or Policy of the District of Columbia

Plaintiff seeks to hold the District of Columbia liable for constitutional violations allegedly committed by employees of the Center for Correctional Health Care Policy Studies (CHPPS), an independent contractor. CHPPS contracted to provide health care services to inmates at the DC jail and the District has no control over the employees or their performance in any given case.  Under Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658 (1978), a municipality, such as the District, may be held liable under § 1983 "only when the execution of its official policy or custom is responsible for the deprivation of constitutional rights." Morgan v. Dist. of Columbia, 824 F.2d 1049, 1058 (D.C. Cir.1987) or a practice so permanent or well settled as to constitute a custom or usage with the force of law. Adickes v. S.H. Kress & Co. 398 U.S. 144, 166-68(1970).

---

[1] Plaintiff papers do not respond to the District's request for dismissal with respect to his punitive damage claim. Consequently, said arguments have been conceded and must be dismissed.

"Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy ...." Parker v. Dist. of Columbia, 850 F.2d 708, 711-12 (D.C. Cir.1988) (quoting City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985). To succeed on a § 1983 claim against the District, then, plaintiff must show (1) "a course deliberately pursued by the city, 'as opposed to an action taken unilaterally by a non-policymaking municipal employee or an employee of an independent contractor who the District has no control over' " and (2) " 'an affirmative link between the [city's] policy and the particular constitutional violation alleged."' Carter v. Dist. of Columbia, 795 F.2d 116, 122 (D.C. Cir.1986).

The Supreme Court has also explained "that there are limited circumstances in which an allegation of a 'failure to train' can be the basis for [municipal] liability under section 1983." City of Canton v. Harris, 489 U.S. 378, 387 (1989). Proving a failure to train or supervise claim, however, is not easy. See Atchinson v. Dist. of Columbia, 73 F.3d 418, 421 (D.C. Cir. 1996). A municipality's failure to train or supervise its employees adequately can constitute a "policy or custom" under Monell only when it can be said that the failure amounts to "'deliberate indifference' towards the constitutional rights of persons in its domain." City of Canton, 489 U.S. at 388-89 & n. 7; see also Rogala v. Dist. of Columbia, 161 F.3d 44, 56 (D.C. Cir.1998) (recognizing liability for failure to train or supervise); Carter, 795 F.2d at 122 (a municipality's failure to adequately train, supervise, investigate, and discipline police officers can give rise to municipal liability if that failure represents city policy and reflects deliberate indifference). Deliberate indifference is determined objectively "by analyzing whether the municipality knew or should have known of the risk of constitutional violations," and yet failed to respond as necessary. Baker v. Dist. of Columbia, 326 F.3d 1302, 1307 (D.C. Cir. 2003). The D.C. Circuit in Rogala summarized the

exacting standard for municipal liability in a failure to supervise or train case:

> For suits alleging failure to train or supervise, plaintiffs must also establish that the need for more or different training or supervision was so obvious and the inadequacy so likely to result in a violation of constitutional rights that policymakers can be said to have been deliberately indifferent to the need.

161 F.3d at 56.

The Supreme Court has identified certain instances that would support a claim for failure to train or supervise. See <u>Canton,</u> 489 U.S. at 390 n.10. One such instance is where the risk of constitutional violations is obvious -- such as training officers on the constitutional limitations on the use of deadly force. Id. (citing <u>Tennessee v. Garner,</u> 471 U.S. 1 (1985)). Another instance that would establish municipal liability for a failure to train or supervise is when the frequency of constitutional violations makes it obvious to the municipality that additional training or supervision is necessary. Id.

Plaintiff cannot, under any circumstance, meet this exacting standard of establishing municipal liability under a failure to supervise or train theory. In support of his claim, plaintiff asserts that because the District of Columbia issued a 'written policy prohibiting the involuntary administration of psychotropic drugs, unless there is an emergency, the patient is incapacitated or the patient has provided informed consent". The aforementioned policy, according to plaintiff establishes that the District of Columbia was aware of the need for training and supervision. The problem with the aforementioned assertion, is that no District employee is alleged to have administered psychotropic drugs. Further, one cannot infer the existence of <u>unconstitutional</u> administration of psychotropic drugs simply because the municipality has a policy which bans forced administration of such drugs. Plaintiff certainly cannot and does not contend that the policy

by its terms, amounts to a constitutional violation. Without evidence of unconstitutional administration of psychotropic drugs, it cannot be said that the District knew or should have known the risk of constitutional violations without additional supervision or training. See Baker, 326 F.3d at 1307; Cherrington v. Skeeter, 344 F.3d 631, 646 (6th Cir. 2003). Hence, the lack of supervision and training by employees of CHPPS does not itself establish that additional training and supervision with regard to the administration of psychotropic drugs was so obviously needed. As a result, plaintiff is left with only his single alleged unconstitutional search to support a claim of the District's deliberate indifference through the failure to train, which generally is insufficient to establish municipal liability. See Tuttle, 471 U.S. 808, 823-24.

Finally, plaintiffs claim of municipal liability fails because he cannot establish the necessary causal link between any alleged lack of training or supervision and the alleged violation of his rights. See Carter, 795 F.2d at 122; see also McClendon v. City of Columbia, 258 F.3d 432, 442 (5th Cir. 2001) (plaintiff failed to show causal connection between policy and alleged violation). Even if plaintiff were able to establish deliberate indifference on the part of the District of Columbia (which he can not), plaintiff has not shown the requisite nexus between his specific alleged constitutional violations and any lack of training or supervision. Indeed, plaintiff claims are that the employees CHPPS fabricated medical records or failed to note in the record the administration of psychtropic drugs. As to these claims, no amount of the type of training plaintiff is urging would likely prevent an employee of CHPPS from violating accepted medical practice and procedure See, e.g., Walker v. City of New York, 974 F.2d 293, 299-300 (2nd Cir. 1992); Barney v. Pulsipher, 143 F.3d 1299, 1308 (10th Cir. 1998) (training would not have prevented sexual assault on inmate). Even if plaintiff can show a nexus, he cannot show that, by an objective standard, the District of Columbia knew or should have known of constitutional violations arising

from insufficient training or supervision. See <u>Baker,</u> 326 F.3d at 1307.

## CONCLUSION

Based on the foregoing, the District of Columbia respectfully requests that the complaint be dismissed against it.

        Respectfully submitted,

        LINDA SINGER
        Attorney General
        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        Kimberly M. Johnson
        _____
        KIMBERLY M. JOHNSON (#435163)
        Chief, General Litigation Sec. I

        Melvin W. Bolden, Jr.
        _____
        MELVIN W. BOLDEN, Jr.(192179)
        Assistant Attorney General
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-5695

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2007, a copy of the foregoing was served electronically on Keith Wesolowski, Esquire.

        Melvin W. Bolden, Jr.
        _____
        MELVIN W. BOLDEN, Jr.
        Assistant Attorney General